966 F.2d 1446
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Gary Lincoln YOUNG, Defendant-Appellant.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Gary Lincoln YOUNG, Defendant-Appellant.
 Nos. 92-6167 & 92-6253
 United States Court of Appeals,
Fourth Circuit.
 Submitted: May 4, 1992
Decided: July 2, 1992
 
 Appeals from the United States District Court for the Eastern District of North Carolina, at Wilmington. James C. Fox, Chief District Judge. (CR-89-2-7, CA-91-104-7)
 Gary Lincoln Young, Appellant Pro Se.
 Christine Witcover Dean, Assistant United States Attorney, Paul Martin Newby, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.
 E.D.N.C.
 AFFIRMED.
 Before HALL, WILKINS, and WILLIAMS, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Gary Lincoln Young appeals from the district court's orders refusing relief under 28 U.S.C. § 2255 (1988) (No. 92-6253) and denying his motion for release pending disposition of hiss 2255 motion (No. 92-6167). Our review of the records and the district court's opinions discloses that these appeals are without merit.[1] Accordingly, we affirm on the reasoning of the district court.[2] United States v. Young, Nos. CR-89-2-7, CA-91-104-7 (E.D.N.C. Nov. 25, 1991 and Jan. 30, 1992). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 2
 FN1 The district court incorrectly held that Young waived review of his constitutional claim that the evidence was insufficient to convict him by failing to raise that claim on direct appeal. See Davis v. United States, 417 U.S. 333, 345 n.15 (1974). However, review of Young's extensive motion shows that the claim is meritless-Young only asserts inconsistencies in the testimony of the informant against him. This is no basis for relief. See United States v. Saunders, 886 F.2d 56 (4th Cir. 1989).
 
 
 3
 FN2 We deny Young's motions to supplement the record on appeal. We, however, grant Young's motion to correct his informal brief. Finally, we note that Young's motion for expedited review is moot in view of our disposition of this appeal.